**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**NICHOLAS L. VASSENELLI,**

                              **Plaintiff,**

  vs.                                               5:17-CV-00082
                                                            (MAD/ATB)

**STATE UNIVERSITY OF NEW YORK,
UPSTATE MEDICAL UNIVERSITY,
INSTITUTE FOR HUMAN PERFORMANCE,
JOHN DOE(S) and JANE DOE(S),**

                              **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**BOSMAN LAW FIRM, LLC**              **AJ BOSMAN, ESQ.**
201 West Court Street
Rome, New York 13440
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**          **AIMEE M. PAQUETTE, AAG**
**STATE ATTORNEY GENERAL**
Syracuse Office
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On or about January 3, 2017, Plaintiff commenced this action in New York State Supreme Court, Onondaga County, alleging that Defendants violated his rights under Title II of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the New York Human Rights Law ("NYHRL"). *See* Dkt. No. 1. On January 25, 2017, Defendants removed the action to this Court. *See id.* On March 1, 2017, Defendants filed a motion to dismiss for failure

to state a claim upon which relief may be granted. *See* Dkt. No. 9. Plaintiff opposed Defendant's motion, but soon thereafter filed an amended complaint as of right. *See* Dkt. Nos. 10, 11. On April 17, 2017, Defendants filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim. *See* Dkt. No. 14. Plaintiff opposed this motion and Defendants filed a reply to the opposition. *See* Dkt. Nos. 15, 16. On March 19, 2018, this Court granted Defendants' motion to dismiss, denied Plaintiff's motion to stay this action, and closed the case. *See* Dkt. No. 17.

Currently before the Court is Plaintiff's motion seeking "an Order vacating judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b) and for leave to amend his amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) . . . ." *See* Dkt. No. 19 at 3. In the absence of such relief, Plaintiff requests "an Order pursuant to Fed. R. Civ. P. 59(e) and 60(b), and 28 U.S.C. § 1447(c), vacating the dismissal of Plaintiff's New York State Human Rights Law claim and remanding said claim to New York State Supreme Court . . . ." *See id*.

## II. BACKGROUND

The present action was commenced by Plaintiff, a resident of the State of New York, County of Onondaga, who suffers from a qualifying disability under the ADA, the RA, and the NYHRL. *See* Dkt. No. 11 at ¶ 4. Defendant State University of New York, Upstate Medical University, Institute for Human Performance ("IHP") is part of the State University of New York and maintains a place of business at 505 Irving Avenue, Syracuse, New York. *See id*. at ¶¶ 5, 7.

The facts contained within the amended complaint allege that Plaintiff, who is partially paralyzed and wheelchair bound, "was subjected to physical injury, pain and suffering as a result of being struck in his left arm by a nonoperational door (existing out onto Irving Avenue) while being transported in a wheelchair out of the Institute for Human Performance." *See id*. at ¶ 8. Plaintiff alleges that this occurrence "was caused by reason of deliberate indifference and/or

2

recklessness and/or carelessness of Defendants in, *inter alia*, failing to repair the entrance and exiting doors of the facility, despite repeated verbal and visual notice of the malfunctioning doors by Plaintiff." *See id.* at ¶ 9. Plaintiff claims that this issue has been present since 2014 and has yet to be addressed by IHP. *See* Dkt. No. 12 at 9. Additionally, Plaintiff claims that he communicated his concern regarding the malfunctioning doors to "Tim" and Charles Lester, the Building Manager at IHP, but that the issue persisted. *See* Dkt. No. 11 at ¶ 9.

### III. DISCUSSION

Plaintiff contends that the "instant motion to vacate judgment and amend should be granted as the deficiency found by this court with respect to Plaintiff's claims is correctable . . . ." *See* Dkt. No. 19-1 at 4. "Plaintiff seeks to add factual support to existing causes of action under the ADA and RA to remedy a deficiency in pleading noted by the court in its decision to grant Defendants' motion to dismiss." *See id.* Additionally, Plaintiff argues that "due to the ongoing violation of Plaintiff's rights, injunctive relief under *Ex-Parte Young* is appropriate." *See id.* at 7. Finally, Plaintiff argues that the Court should reconsider the dismissal of Plaintiff's New York State Human Rights Claim in order to correct a clear error and prevent manifest injustice. *See id.* at 8.

Defendants request sanctions pursuant to Rule 11(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 20 at 13. Plaintiff opposes the imposition of sanctions. *See* Dkt. No. 23 at 9.

**A.    Motion to Vacate**

Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946 with a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the

period immediately following the entry of judgment. The Second Circuit has held that Rule 59 is not to be used to rehash the merits of a case previously decided:

> "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Sequa Corp. v. GBJ Corp.*, 156 F. 3d 136, 144 (2d Cir. 1998). Rather, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Where a movant fails to point to "controlling decisions or data that the court overlooked," denial of the motion to reconsider is proper. *See Amaker v. Annucci*, 721 Fed. Appx. 82, 84 (2d Cir. 2018).

In the present matter, "Plaintiff seeks to add factual support to existing causes of action under the ADA and RA to remedy a deficiency in pleading noted by the court in its decision to grant Defendants' motion to dismiss." *See* Dkt. No. 19 at 4. However, Plaintiff does not cite to controlling authority or material facts that were overlooked by the Court in the March 19, 2018 decision. As such, Plaintiff's request pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is denied.

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which the Court may grant relief from judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Rule 60(b) is "a

4

mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2009) (quotation omitted). A motion seeking relief pursuant to Rule 60(b) "is addressed to the sound discretion of the district court. . . ." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "'To grant a Rule 60(b) motion, the court must find that the evidence in support of the motion is highly convincing, that the movant has shown good cause for the failure to act sooner, and that no undue hardship is imposed on the other parties as a result.'" *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 958 F. Supp. 2d 399, 402 (E.D.N.Y. 2013) (quoting *Figueroa v. Walsh*, No. 00-CV-1160, 2008 WL 1945350, *4 (E.D.N.Y. May 1, 2008)).

In the present matter, Plaintiff argues that the "motion to vacate judgment and amend should be granted as the deficiency found by this court with respect to Plaintiff's claims is correctable . . . ." *See* Dkt. No. 19 at 2. It is unclear upon which of the six grounds included in Rule 60(b) of the Federal Rules of Civil Procedure Plaintiff requests relief. However, the desire of Plaintiff to amend his complaint to include additional facts, not previously included in the complaint or amended complaint but known to the Plaintiff at the time of filing, does not constitute a ground upon which relief may be granted from a judgment of the Court.

Although Rule 60(b) generally vests wide discretion in courts, the Supreme Court has held that "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quotation omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* at 778 (quotation omitted). Plaintiff has failed to demonstrate such "extraordinary circumstances" as to warrant relief under Rule 60(b)(6). Based

5

on the foregoing, the Court denies Defendants' motion insofar as it seeks to vacate the judgment through Rule 60(b).

## B.     Amendment to Include Injunctive Relief

The Supreme Court has held that "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The opportunity to amend need not be allowed where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *See id*.  According to the Individual Rules and Practices of this Court, "[m]otions to dismiss and for judgment on pleadings in civil cases will be decided '**with prejudice**' where the opposing party has been given the opportunity to amend the pleadings after receiving the moving party's pre-motion letter." *See* Individual Rules and Practices of Hon. Mae A. D'Agostino Rule 2(a)(ii).

In the present matter, Plaintiff had the opportunity to request injunctive relief in both his original complaint and amended complaint, but failed to do so.  Based on Plaintiff's repeated failure to cure deficiencies in the complaint despite previous amendments, Plaintiff's request to amend his complaint to include injunctive relief is denied.

## C.     Remand of State Claims

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10-CV-1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011).  "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'"  *Id*. (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)).  A motion for reconsideration "will generally be denied

6

unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "Accordingly, earlier decisions in a case 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *In re Edny Cathode Ray Tube Antitrust Cases*, No. 17-CV-4504, 2017 WL 4351503, *1 (E.D.N.Y. Sept. 29, 2017) (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

"When a district court declines to exercise supplemental jurisdiction in a case removed from State court, it has the discretion either to dismiss the claims without prejudice or to remand the claims." *Battacharya v. SUNY Rockland Community College*, 719 Fed. Appx. 26, 28 (2d Cir. 2017) (citing *Carnegie-Mellon Univ. V. Cohill*, 484 U.S. 343, 357; 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988).  "When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinary dismiss the state claims." *Clorofilla v. Town of New Castle*, 106 Fed. Appx. 90, 92 (2d Cir. 2004) (citing *Baylis*, 843 F.2d 658, 665 (2d Cir. 1988)).

Plaintiff does not present additional facts or controlling authority that demonstrate a need to correct a clear error or prevent manifest injustice.  The Court finds that there was no clear error on the part of the Court in its March 19, 2018 decision.  As such, the Plaintiff's motion to reconsider this Court's order dismissing Plaintiff's state law claims is denied.

**D.     Defendants' Request for Sanctions**

The central objective behind Rule 11 is deterrence of "baseless filings in district courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "Drawing a line between zealous advocacy and frivolous conduct, Rule 11 provides a vehicle for sanctioning an attorney, a client or both." *United States v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1343 (2d Cir. 1991). Specifically, Rule 11 provides as follows:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11.

In analyzing a motion for sanctions pursuant to Rule 11, the district court is required to "avoid hindsight and resolve all doubts in favor of the signer." *Carrasquillo v. City of Troy*, No. 1:02–CV–01231, 2006 WL 304031, *4 (N.D.N.Y. Feb 8, 2006) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)). The imposition of sanctions upon a party is a discretionary decision for the district court, and must be exercised with caution. *See Cerrone v. Cahill*, No. 95–CV–241, 2001 WL 1217186, *16 (N.D.N.Y. Sept. 28, 2001) (citing *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994)). Accordingly, Rule 11 is violated when "it is patently clear that a claim has absolutely no chance of success." *Cassaquillo*, 200 WL 304031 at *4 (internal citations omitted).

8

A federal court may impose sanctions against an offending party pursuant to its inherent power, which stems from the "'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 59 (1991) (quotation omitted). In order for a district court to impose sanctions pursuant to its inherent power, it must find that: "(1) the challenged claim was without a colorful basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (citing *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir. 1995)).

In the present action, Defendants argue that Plaintiff's "proposed Second Amended Complaint is being submitted in bad faith and in an attempt to harass Defendants." *See* Dkt. No. 20 at 20. Defendants argue that Plaintiff has been afforded two opportunities to submit "a properly pleaded complaint and failed to request a third" prior to the dismissal of the action. *See id*. at 19. Finally, Defendants contend that the proposed amended complaint "contains completely baseless, conclusory, bald allegations. . . ." *See id*. Based on a review of the papers submitted by the parties, the Court does not find sufficient evidence to support a claim that Plaintiff is acting in bad faith or intended to harass Defendants. As such, the request for sanctions is denied.

## IV. CONCLUSION

After carefully reviewing the record in this matter and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for an order vacating judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's request for leave to amend his amended complaint is **DENIED**; and the Court further

9

**ORDERS** that Plaintiff's motion for an order vacating the dismissal of Plaintiff's New York State Human Rights Law claim and remanding said claim to New York State Supreme Court, Onondaga County is **DENIED**; and the Court further

**ORDERS** that Defendants' motion for sanctions pursuant Fed. R. Civ. P. 11(a) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 22, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge